# The Lake Superior Building Company v. William Thompson; Same v. Henry Simmons; and Same v. Dan Gruer.

*Certiorari: Affidavit: Return.* A justice in answer to a writ of *certiorari* is only required to make return to the matters specified in the affidavit for the writ.

*Company: Name: General issue: Admission.* The plea of the general issue by a defendant sued in a corporate name is in effect under the statute (*Comp. L. 1871,* § *6549*) an admission that it is sued in the right name.

*Company: Corporate existence: Evidence.* Where in a suit against a company the evidence given to prove the claim amounts at the same time to evidence that the defendant was doing business in the name by which it was sued, and there is no countervailing evidence, this is sufficient proof of the corporate existence of the defendant under the statute (*Laws of 1871, p. 176*) providing that evidence that a company is doing business under a certain name shall be *prima facie* proof of its due incorporation or existence pursuant to law, and of its name.

*Assumpsit: Evidence: Cause of action.* Where there was evidence given in an action of assumpsit, the legal purport of which was, that the defendant was indebted to the plaintiff in a given sum for a certain number of hours' labor performed at a certain price per hour, it cannot be said there was a total want of evidence to establish a cause of action.

*Certiorari: Affidavit: Allegation of error: Particularity: Return.* An affidavit for *certiorari* to a justice of the peace, which recites the evidence introduced, and alleges for error, simply "that the justice erred in rendering judgment in said cause on the evidence introduced therein," does not specify with sufficient clearness and particularity in what respect the evidence is deemed insufficient, to raise any question for review; and

in answer to a writ based on such an affidavit, the justice could not lawfully be required to return the entire evidence taken in the cause.

*Heard June 11.    Decided June 18.*

Error to Marquette Circuit.

*Parks & Hayden* and *Mitchel & Pratt,* for plaintiff in error.

*Ball & Black,* for defendants in error.

GRAVES, CH. J:

These cases were argued and submitted together, and depend upon the same points. They were actions of assumpsit commenced in justice's court against the company, and the latter appeared there and pleaded the general issue, but failed to appear for trial, and judgment was given against it in each case. It thereupon removed ·the proceedings by *certiorari* to the circuit court, where the judgments below were affirmed, and it now asks a revision by this court of each case, on writ of error.· The ground of error claimed in this court is, that no proof of the existence of the corporation was given before the justice.

In failing to plead in abatement, and in pleading the general issue, the company in effect admitted that it was sued in the right name.—*Comp. L.,* § *6549 ; Methodist Episcopal Church v. Tryon, 1 Denio, 451.* And the evidence which was given to prove the claim, at the same time amounted to evidence that it was doing business in such name, and this brought the proceedings under the operation of the act of 1871, which provides "that in any suit or proceeding, civil or criminal, hereafter instituted in any of the courts of this state, wherein it shall become material or necessary to prove the incorporation of any company or corporation, or the existence of any joint stock company, or association, whether the same be a foreign or domestic corporation, company or association, *evidence* that such corporation, company or association is *doing business under a*

*certain name, shall be prima facie* proof of its due incorporation or existence pursuant to law, and of its name."—*L. 1871, p. 176.*

There was, then, *prima facie* proof in each of these cases, of the name, and lawful existence of the corporation, and as there was no countervailing evidence, this of course was sufficient.

The other Justices concurred.

MARSTON, J:

These cases came on and were heard together, the facts being the same in each case. Two objections are urged by counsel for plaintiff in error:

*First,* That there was no proof before the justice of the corporate existence of the defendant; and *second,* that there was a total want of evidence to establish a cause of action.

Neither position is well taken. As to the first position, the affidavit on which the *certiorari* was allowed did not specify as error the want of proof of the corporate existence of the defendant, nor was there any thing in the affidavit which could in any manner be said to direct his attention to the proof upon that point, and the justice is only required to make a return to the matters specified in the affidavit.

Upon the second point there was evidence given before the justice tending to support the plaintiff's claim. The legal effect of the evidence given was, that the defendant was indebted to the plaintiff in a certain sum for a certain number of hours' labor performed at a certain price per hour. The justice considered this sufficient, and we think he was correct. Besides, if we had any doubt upon this point, we should consider the affidavit defective, the same as in reference to the first point. The affidavit recites the evidence introduced before the justice, which upon this point as recited was clearly sufficient to support the judgment, and it then adds " that the justice erred in rendering judg-

ment in said cause, on the evidence introduced therein.''
This we think did not specify the alleged error with suffi-
cient clearness and particularity. It did not point out in
what respect the evidence was insufficient, and the justice in
answer thereto would not be required, and could not, to
return the entire evidence taken in the cause.

There being no error, the judgment below must be
affirmed in each case, with costs.

The other Justices concurred.