## Jane Garton v. The Union City National Bank.

*General issue: Corporate existence of plaintiff: Admission.* The corporate existence of the plaintiff is admitted by the plea of the general issue.

*Promissory notes: Payable to cashier: Indorsement: Evidence.* A promissory note made payable to C. T. Allen, cashier, or order, indicates that it was made to him not as an individual, but as a bank officer, and that it was a contract with the bank; and in a suit upon it by the bank no indorsement by such cashier is necessary to the admission of the note in evidence.

*Promissory notes: Collateral security: Nature and amount of principal demand.* Where a promissory note contains on its face a memorandum that it is to be used as collateral security to other notes, it is competent in an action upon it to show the true consideration and the identity, nature and amount of the demands to which it was collateral.

*Charge to the jury: Oral instructions: Exceptions: Waiver.* A judgment will not be reversed on the ground that part of the charge to the jury was oral, notwithstanding a statutory requirement that it be reduced to writing, where no objection is raised on that ground until after the jury had gone out. The point was waived.

*Principal and surety: Negotiations for an extension: Contracts.* Where the principal debtor requests an extension of the time of payment by a letter accompanied by an enclosure as a consideration for the extension, which is not agreed to by the creditor, though he keeps the enclosure and applies it upon the debt without responding to the letter, the surety is not thereby released.

*Heard June 8.     Decided June 13.*

Error to Eaton Circuit.

*M. V. & R. A. Montgomery,* for plaintiff in error.

*C. J. Beerstecher,* for defendant in error.

GRAVES, J:

The bank sued, and was allowed to recover, on an instrument of the following tenor:

"$1,000.                    UNION CITY, MICH., May 12, 1873.

"On demand, ——— days after date, I promise to pay to C. T. Allen, cashier, or order, one thousand dollars at Union City National Bank, value received, with exchange on New York, and interest at ten per cent. after maturity.

"JANE GARTON.

"This note is to be used as collateral security to A. Climie's notes."

The declaration set forth the instrument, and averred that it was made to the bank and received by the bank as collateral security for a demand it then held against Climie and for advances it might make thereafter to Climie, and then alleged certain obligations from Climie to the bank as covered by the note and charged to be due and payable. The general issue was pleaded, and the cause was tried by a jury.

A certificate of the comptroller of the currency, of the due organization of the bank in 1871, and of its right to carry on banking under the federal act, was admitted under objection. The point made against the admission of this evidence has no force. The certificate seems to have been unobjectionable. But whether it was or not, the case did not require its introduction to show corporate existence. For the purpose of the action that stood admitted.—§ *6547, C. L.;* also *Act 109, L. 1871, p. 176; Thatcher v. West River Nat. Bk., 19 Mich., 196; Society for Propagation of the Gospel, etc. v. Town of Pawlet, 4 Pet., 480.*

It is said the note was wrongly admitted because it was made payable to the order of Allen, and was not indorsed by him. No indorsement was necessary. The instrument plainly indicated that it was made to Allen, not as an individual, but as a bank officer, and that it was a contract with the bank.

The evidence admitted in explanation of the true consideration of the note, and the identity, nature and amount of the Climie demands referred to, was not objectionable. The purpose was to correctly apply the note to the transactions it indicated it was intended to cover, and confine it to the very claims it purported to secure, and not to alter its terms or in any way inflame the liability of Mrs. Garton or prejudice her rights. It indicated on its face, or rather by the memorandum connected with it, that it was to be carried out and enforced restrictively as against Mrs. Garton, and

with reference to particular bank demands against Climie, and the intent could not be carried out and strict protection be accorded to Mrs. Garton's rights without showing the facts. The evidence was favorable to her interests, and, as we think, was not objectionable under the rules of law.

An objection is made that two paragraphs of the charge, which are pointed out, were oral, and it is claimed that the judgment should be reversed on that account. We do not think so. No objection was raised that these passages were not reduced to writing, until after the jury had gone out, and we think the point was waived. We must see a strong case before we overturn a verdict for such a cause.

On cross-examination, Mr. Allen, the cashier, testified that Climie sent to the bank fifteen dollars by letter, and requested the bank therein to accept the money as a consideration for extending his notes; that no agreement was made, however, for an extension, and no extension given; but the fifteen dollars was placed to Climie's credit by endorsement on his note. He also stated that Climie was not advised that the bank refused to extend, and that he presumed Mrs. Garton was not aware of the circumstance.

The counsel for plaintiff in error based a request on this testimony, to the effect that the retention of the fifteen dollars and use of it, and the omission to advise Climie that the bank refused to extend, amounted to an agreement to extend, and released Mrs. Garton from liability on account of one of Climie's notes, namely: one for five hundred and fifteen dollars. This was refused, and the court think properly. Whether in case a binding agreement between Climie and the bank for the extension without Mrs. Garton's assent were admitted, she would have been released, under the circumstances, we do not consider. But it is plain that unless there was what constituted in law a binding agreement of that kind without her assent, the position taken by counsel was not tenable.

Now the witness swore that the bank refused to assent to any extension, and did not assent to it, and there was no

34 MICH.—36.

showing that Climie considered that an extension was agreed
on.   He sent money to obtain an extension, but the bank
declined to extend, yet kept the money and applied it on his
debt, and it did not notify him that his proposition was refused.
This keeping of the money and omitting to notify him of
the rejection of his proposition, was evidence tending to show
an acceptance of the request, and under certain circumstances
such evidence would be sufficient to imply or raise an infer-
ence of acceptance of a proposal to extend.   And in this
case it was subject to be considered with the other facts,
and among them the statement of the cashier that the bank
did not assent, upon the question as to whether in truth an
agreement to extend was actually consummated.   But this
retention of the money and omission to notify, etc., cannot
be considered as in itself a binding agreement on the part
of the bank.   The request, however, proceeded on the theory
that it appearing that the bank kept the money and applied
it as payment on Climie's debt and did not notify him of
non-acceptance, a binding agreement to extend was thereby
established notwithstanding the bank in fact dissented from
the offer to extend, and notwithstanding the absence of all
proof that Climie understood that an extension was agreed
on.   If the bank did not assent to an extension, and Climie
did not understand that it did so; and did not understand
or suppose that any extension was secured, it would be some-
what singular to assume that after all there was such an
extension by agreement between those parties.

What has been said covers all the points deemed worthy
of comment, and the result is that we find nothing in the
record to overturn the judgment.

The judgment should be affirmed, with costs.

The other Justices concurred.