WILSON SEWING MACHINE COMPANY v. WILLIAM SPEARS.

*Justices' courts—Admission of corporate existence.*

Plea of the general issue in justice's court in a suit begun by summons to answer "the Wilson Sewing Machine Company" amounts to a sufficient averment that plaintiff is a corporation.

An indorsee suing the indorser in justice's court is presumed to be the owner of the paper on which the suit is brought.

Proof of corporate existence is not necessary to sustain a suit brought by
a corporation in justice's court upon a note indorsed to it, where the
action is brought against one who indorsed the note to the plaintiff,
and who files no plea in abatement that plaintiff has not sued in the
right name.   Comp. L. § 5959.

Error to Wayne.   (Full Court.)   April 25.—June 6.

Assumpsit.   Defendant brings error.   Affirmed.

*Prentis & Patchin* for appellant.

*Wilkinson, Post & Wilkinson* for appellee.   In an
action on a note begun in justice's court by a corpora-
tion suing by summons, averment of incorporation is not
essential : *Zion Church v. St. Peter's Church* 5 W. & S.
217 ; *U. S. Bank v. Haskins* 1 Johns. Cas. 133 ; *Benning-
ton Iron Co. v. Rutherford* 18 N. J. L. 158 ; the name of
the company in the summons imports corporate capacity :
*Gillett v. Amer. S. & H. W. Co.* 29 Gratt. 565 ; *Kennedy v.
Cotton* 28 Barb. 62 ; under the general issue proof of cor-
porate capacity is not necessary : *Lake Superior B. Co. v.
Thompson* 32 Mich. 294 construing Comp. L. § 6549 ; *Gar-
ton v. Union City Bank* 34 Mich. 279 ; *Star Brick Co. v.
Ridsdale* 36 N. J. L. 229 ; the indorsement of the note to
the plaintiff in its corporate name is an admission thereof by
the endorser : *Ransom v. Priam Lodge* 51 Ind. 60 ; *Con-
gregational Society v. Perry* 6 N. H. 164 ; and obviates the
necessity both of averment and proof of incorporation :
*Franz v. Teutonia B. Association* 24 Md. 269 ; Field on
Corp. § 385.

Sherwood, J.   By construction of the one assignment of
error in this Court by appellant, the review of the case
involves the consideration of the errors set forth in the affi-
davit, as specially assigned here, and in none of the errors
assigned in this case is the question whether the note sued
upon is a valid, negotiable note, as not being for a sum cer-
tain, raised.   Confining ourselves to the questions properly
before us the case is this :

The defendant and appellant was the payee of the note

and indorsee, and the judgment entered against him in a justice's court was removed to the circuit by writ of certiorari, and the judgment of the justice was by the circuit court affirmed. The following is a copy of the note :

" $50.00                                  CEHORSE, Youn 18th, 1879.

One yier after date I promise to .pay to the order of Wm. Spaers fifty dollars, at American Express Office, Detroit, Mich. Value received with ———. The makers and endorsers severally waive presentment for payment and notice of protest and non-payment of this note, and agree that if collected after maturity ten per cent. for attorney's fees shall be added, and in case of suit judgment for same shall be included in judgment on note. Without any relief whatever from valuation or appraisment laws.

P. O. Address, Ccorce Yadich Botol.

JOSEPH SIPMAN."

And endorsed, " Pay to the order of the Wilson Sewing Machine Company.                                   WM. SPEARS."

The party to whom the note was indorsed is plaintiff. It appears by the return to the writ of certiorari that defendant appeared in the case. The declaration was informal in assumpsit, on a promissory note on file, and on all the common counts, to which the defendant pleaded the general issue. The summons at commencement of suit in the justice's court is a summons to answer the Wilson Sewing Machine Company, a recital sufficient as an averment that the plaintiff was a corporation, and the liberal rule extended to pleading in such courts will permit this as supplying its omission in the declaration.

It is objected that there was no testimony showing the plaintiff was the owner of the note. The case as it comes before us is not distinguishable from the ordinary case of a suit by the indorsee of negotiable paper against the payee in respect to the legal conclusions resulting from the act of indorsement. The plaintiff who sues as indorsee is presumed to be owner, and defendant's indorsement sufficiently establishes plaintiff's right to sue and the character in which he sues. *Ransom v. Priam Lodge* 51 Ind. 60; *Congregational Society v. Perry* 6 N. H. 164.

It is further objected that the declaration not alleging the

plaintiff to be a corporation under the Laws of Michigan, proof of corporate existence was necessary. There was no plea in abatement that plaintiff had not sued in its right name, and there is in the act of the defendant, indorsing the note to be paid to the plaintiff, evidence of the name and lawful existence of the plaintiff as a corporation, which clearly brings the proceeding under the Act of 1871. 1 Sess. L. 1871 p. 176.* *Lake Superior Building Co. v. Thompson* 32 Mich. 293; *Garton v. Union City National Bank* 34 Mich. 279.

The judgment must be affirmed with costs.

The other Justices concurred.

---

*Act 109 of 1871; 1 Sess. L. 176. (Comp. L. § 5959) Section 1. The People of the State of Michigan enact, That in any suit or proceeding, civil or criminal, hereafter instituted in any of the courts of this State, wherein it shall become material or necessary to prove the incorporation of any company or corporation, or the existence of any joint-stock company or association, whether the same be a foreign or domestic corporation, company, or association, evidence that such corporation, company, or association is doing business under a certain name shall be prima facie proof of its due incorporation or existence pursuant to law, and of its name.