PITTSBURGH CONST. CO. v. WEST SIDE BELT R. CO. et al.

(Circuit Court of Appeals, Third Circuit. July 18, 1907.)

No. 34.

**1. CORPORATIONS—CONTRACT BY FOREIGN CORPORATION IN VIOLATION OF STATUTE—LEGALITY.**

Under the Pennsylvania act of April 22, 1874 (P. L. 108), which provides that it shall be unlawful for a foreign corporation to do any business in the state until it shall have registered and complied with certain other requirements to bring it within the jurisdiction of the courts in the state, and also makes it a criminal offense for any officer or agent to transact any business within the state for a foreign corporation which has not complied with its requirements, a contract entered into in Pennsylvania by a foreign corporation which had not at the time complied with the statute to construct a railroad within the state is illegal and void, and no action can be maintained thereon, either against the other party or a guarantor to recover the contract price of work done thereunder, although the corporation complied with the statute prior to the doing of the work.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations. § 2544.

Foreign corporations doing business in state, see notes to Wagner v. J. & G. Meakin, 33 C. C. A. 585; Ammons v. Brunswick-Balke Collender Co., 72 C. C. A. 622.]

**2. CONTRACTS—ACTION GROUNDED ON ILLEGAL CONTRACT—TEST.**

Whether an action is grounded upon an illegal contract depends upon whether proof of such contract is necessary to establish the cause of action alleged. If so, the court will not enforce it nor any alleged rights arising out of it.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Robert J. Dodds and Edwin W. Smith, for plaintiff in error.

Eugene Mackey, James W. Lee, and Johns McCleave, for defendants in error.

Before DALLAS and GRAY, Circuit Judges, and HOLLAND, District Judge.

HOLLAND, District Judge. The Pittsburgh Construction Company, the plaintiff in error, brought this action against the West Side Belt Railroad Company and John S. Scully and Theodore N. Barnsdall, the defendants in error, to recover the sum of $332,750.98, upon an award of James H. McRoberts, chief engineer of the West Side Belt Railroad Company, sitting as arbiter. The West Side Belt Railroad Company (hereinafter called the "Belt Road") was a corporation organized under the laws of the state of Pennsylvania for the construction and operation of a road from Pittsburgh to Bruce Station on the Baltimore & Ohio Railroad, a distance of about 12 miles. John S. Scully was the president and Theodore N. Barnsdall was one of the directors. On April 17, 1901, A. S. Petrie, the secretary, resigned his office to enable him to contract with the company to build the 12 miles of railroad for which it was organized, and on the 25th day of April, 1901, executed a contract with the Belt Road for that purpose,

·and about the same time obtained permission to sublet the work to the Pittsburgh Construction Company, a corporation organized under the laws of the state of West Virginia, for which letters patent were issued to it on April 14, 1901. The contract between Petrie and the construction company was dated May 24, 1901, and was identical in terms with his agreement with the Belt Road. The consideration was to be $388,695.44, subject to such alterations and additions as were provided for under the terms of the contract, of which and the cost of which James H. McRoberts was made the final arbiter. For the payment·of all moneys to become due under this contract the defendants in error became surety by writing duly executed, of which the following is a copy:

"For value received, the West Side Belt Railroad Company and John S. Scully and W. T. Barnsdall do hereby guarantee and become surety for the payment of the money mentioned in the within contract as the same becomes due and payable.

"In witness whereof, the said West Side Belt Railroad Company has hereunto set its common corporate seal, by the hand of its president, attested by its secretary, and the said John S. Scully and T. N. Barnsdall have hereunto set their hands and seals this 24th day of May, A. D. 1901."

The case was tried before a jury and a verdict in favor of the plaintiff for the amount of the award. Motion and reasons for a new trial were filed by the defendants, as well as a motion for judgment non obstante veredicto. The trial judge in a carefully considered opinion (Pittsburgh Construction Co. v. West Side Belt R. Co. et al. [C. C.] 151 Fed. 125) entered judgment for the defendants notwithstanding the verdict, because the plaintiff, being a foreign corporation, had failed to register in Pennsylvania prior to the execution of the contract upon which the award was made in accordance with the provisions of the act of Assembly approved April 22, 1874. P. L. 108. To this action of the Circuit Court a writ of error was sued out and the assignments of error in this court were as follows:

"First. The learned court erred in entering judgment in favor of the defendants non obstante veredicto upon the motion of the defendants, which is as follows: 'And now, June 12, 1906, the defendants move the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment non obstante veredicto upon the whole record.'

"Second. The learned court erred in not entering judgment in favor of the plaintiff upon the verdict."

There were eight matters of defense set up by the defendants at the trial of the case in the Circuit Court, none of which was considered by the learned judge on the motion for judgment non obstante veredicto, excepting the first, to wit:

"The contract is void because·it was executed before the Pittsburgh Construction Company, a foreign corporation, was registered in Pennsylvania."

As we are of the opinion that the judgment was properly entered in the Circuit Court, it will be unnecessary to consider any of the other matters of defense here. The contract under which the road was built and the work done was executed on May 24, 1901, and the construction company registered at Harrisburg, Pa., with its office in

Pittsburg, Pa., on the 15th day of June, 1901. The act of General Assembly of Pennsylvania, the provisions of which it is claimed were violated by the construction company in this case, is the act of April 22, 1874 (P. L. 108), passed to carry into effect article 16, § 5, of the Constitution of Pennsylvania, which provides that:

"No foreign corporation shall do any business in this state without having one or more known places of business, and an authorized agent or agents in the same upon whom process may be served."

The first paragraph of this act of 1874 declares that:

"From and after the passage of this act no foreign corporation shall do any business in this commonwealth until said corporation shall have established an office or offices and appointed an agent or agents for the transaction of its business therein."

This paragraph prevents a foreign corporation doing business in this state before it establishes and appoints an agent therein; but the second paragraph in the act goes further, and enacts:

"It shall not be lawful for any such corporation to do any business in this commonwealth until it shall have filed in the office of the Secretary of the Commonwealth a statement, under the seal of said corporation, and signed by the president or secretary thereof, showing the title and object of said corporation, the location of its office or offices, and the name or names of its authorized agent or agents therein; and the certificate of the Secretary of the Commonwealth under the seal of the commonwealth, of the filing of such statement, shall be preserved for public inspection by each of said agents in each and every of such offices."

The second paragraph declares unlawful the doing of any business by a foreign corporation not complying with the terms of the act. The third paragraph makes the transaction of such business a positive crime, punishable with fine and imprisonment:

"Any person or persons, agent, officer or employé of any such foreign corporation, who shall transact any business within this commonwealth for any such foreign corporation, without the provisions of this act being complied with, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be punished by imprisonment not exceeding thirty days, and by fine not exceeding one thousand dollars, or either, at the discretion of the court trying the same."

It is clearly shown by documentary evidence that the construction company entered into the contract upon which it declares, and through which it desires to recover before registering in this state, in accordance with the act of 1874. Had this act expressly declared void contracts made by a foreign corporation not complying with the usual requirements, there would be no room for any contention by the plaintiff that it could recover in this case, as the Supreme Court has held in the case of Diamond Glue Co. v. United States Glue Company, 187 U. S. 611, 23 Sup. Ct. 206, 47 L. Ed. 328, that, where the state act declares void all contracts made by foreign corporations not observing the required formality, a recovery cannot be had upon the contract. The Pennsylvania act in question does not in terms declare the contract void. It does, however, declare in the first paragraph that "no foreign corporation shall do business in this commonwealth until such corporation shall have established an office," etc.; and in the second

paragraph that "it shall not be lawful for any such corporation to do any business in the commonwealth until it shall have filed in the office of the Secretary of the Commonwealth a statement * * * showing the title and object, * * * the location of its business, and the name, or names, of its authorized agent," etc.; and the third paragraph makes any violation of these provisions a misdemeanor punishable by fine and imprisonment. Do these provisions of this act of 1874 then render void all contracts made by foreign corporations without having first registered as required? The weight of authority is to the effect that it is not absolutely necessary in order to make such contracts void that the Legislature should, in express terms, declare them so. The rule in this regard has been clearly and aptly expressed by Lord Chief Justice Holt in Bartlett v. Vinor, Carthew 253, as follows:

"Every contract made for or about any matter or thing which is prohibited and made unlawful by any statute is a void contract, though the statute itself does not mention that it shall be so, but only inflicts a penalty on the offender, because a penalty implies a prohibition, though there are no prohibitory words in the statute."

The rule thus stated has been generally followed by the courts, and especially by the Supreme Court of Pennsylvania in a number of cases. Mitchell v. Smith, 1 Bin. (Pa.) 110, 2 Am. Dec. 417; Badgley v. Beale, 3 Watts (Pa.) 263; Columbia Bank & Bridge Co. v. Haldeman, 7 Watts & S. 233, 42 Am. Dec. 229; Johnson v Hulings, 103 Pa. 501, 49 Am. Rep. 131; Thorne v. Travelers' Insurance Co., 80 Pa. 29, 21 Am. Rep. 89. In Johnson v. Hulings, supra, the plaintiff was in the identical situation with the construction company in the case at bar. In both the contract would have been entirely lawful and legitimate but for the failure on the part of the complainant to comply with the statutory requirements. In Johnson v. Hulings, supra, the complainant engaged to sell, or did sell, land upon which he was entitled to commissions of $10,000 had he previously complied with the Pennsylvania act of April 14, 1849, requiring him to take out a broker's license. His failure to do so was held to be a bar to a recovery for the commissions, because the act with which he failed to comply prescribed a penalty, and in this case the construction company is guilty of the same default in not having complied with the act requiring registration before entering into the contract upon which the award is made. This act is a salutary one, for the protection of persons transacting business with foreign corporations. The facility with which irresponsible corporations are created, frequently with no assets within the jurisdiction where business is transacted, would frequently leave creditors without any chance whatever of collecting their claims were it not for acts requiring registration where business is transacted. This enables the creditors to bring the foreign corporation within the jurisdiction of the courts where the obligations are created; and, in order that the provisions of these laws may be complied with, it is necessary that they should receive a reasonably strict enforcement. Conscious of the importance of requiring foreign corporations to comply with these requirements of the act, the courts have uniformly insisted upon registration before beginning business in a foreign jurisdiction. The act of 1874 has been passed upon by the Supreme Court of

Pennsylvania, and the federal courts will follow such constructions. McCanna & Co. v. Citizens' Co., 76 Fed. 420, 24 C. C. A. 11, 35 L. R. A. 236. The point in this case was not squarely decided by the Supreme Court of Pennsylvania until 1902, about one year after the execution of the contract, but prior thereto cases involving a similar principle had been passed upon in Johnson v. Hulings, 103 Pa. 501, 49 Am. Rep. 131; Thorne v. Travelers' Insurance Co., 80 Pa. 29, 21 Am. Rep. 89; Lasher v. Stimson, 145 Pa. 30, 23 Atl. 552. In the case of Delaware, etc., Co. v. Passenger Railway Co., 204 Pa. 25, 53 Atl. 533, the Supreme Court, following the rule indicated in Lasher v. Stimson, supra, said:

"The purpose of the act is to bring foreign corporations doing business in this state within the reach of legal process. This purpose is not accomplished by a registration of the corporation at the pleasure of its officers, or when it may be to their interest to appeal to our courts. The act is for the protection of those with whom it does business, or to whom it may incur liability by its wrongful acts, and nothing short of a registration before the contract that it seeks to enforce is made can give it a right of action. Any other construction of the act would violate its plain words, and wholly defeat its object by affording protection to the corporation and denying it to the public."

The suit here is against the sureties of the contractor, and the illegal contract the basis of the action. As the plaintiff must rely upon its void contract to recover, the action must fail. The test as to whether the action is grounded upon the void contract depends upon whether it requires the aid of an illegal transaction to establish the case, and, if it be necessary to prove the illegal contract in order to maintain the action, the courts will not enforce it, nor will they enforce any alleged rights springing from such agreements. Johnson v. Hulings, supra; McMullen v. Hoffman, 174 U. S. 639, 19 Sup. Ct. 839, 43 L. Ed. 1117.

For the reasons stated, the judgment non obstante veredicto entered by the Circuit Court is affirmed.