IMPERIAL CURTAIN CO. *v.* JACOB.

1. CORPORATIONS—INCORPORATION—FOREIGN CORPORATIONS—EVIDENCE.

That a plaintiff is a corporation and is doing business under the name of the "Imperial Curtain Company," is *prima facie* evidence of its due incorporation, in an action of assumpsit by a foreign corporation. 3 Comp. Laws, § 10194.

2. SAME—STATUTES.

The statute applies to both foreign and domestic corporations.

3. SAME—PLEA—PROOF OF INCORPORATION.

The plea of the general issue is an admission that plaintiff, suing as a corporation, is properly incorporated.

4. SAME—PLEADING—INCORPORATION.

It was unnecessary to allege the incorporation of plaintiff, a foreign corporation, under any particular State law.

5. CONSTITUTIONAL LAW — INTERSTATE COMMERCE — WORDS AND PHRASES—DEFINITION.

Interstate commerce is a term of largest import; it comprehends intercourse for the purposes of trade in any and all its forms, including transportation, purchase, sale, and exchange

of commodities between citizens of one country and the citizens or subjects of other countries, and between citizens of different States.

6. SAME—INTERSTATE COMMERCE—FOREIGN CORPORATIONS.
   Placing a printed advertisement, prepared in and shipped from one State, on the theater curtain in a city of another, under a contract to maintain and display the advertisement to audiences in the theater, for a period of three years, where the contract was negotiated in the city in which the advertisement was displayed and approved in the foreign State, is not interstate commerce, but business of a local character.

7. CORPORATIONS—FOREIGN CORPORATIONS—LICENSE TO TRANSACT BUSINESS.
   A foreign corporation cannot recover for such local business without being authorized to do business in Michigan, under Act No. 206, Pub Acts 1901, as amended by Act No. 34, Pub. Acts 1903, and Act No. 310, Pub. Acts 1907.

Error to Wayne; Donovan, J. Submitted June 23, 1910. (Docket No. 131.) Decided September 28, 1910.

Assumpsit by the Imperial Curtain Company against Ben. B. Jacob and Sol. Sallan, copartners as the Reliable Pawnbrokers, on a contract for advertising. A judgment for plaintiff on a verdict directed by the court is reviewed by defendants on writ of error. Reversed, and no new trial ordered.

*Friedman & Smilansky*, for appellants.

*George W. Bates*, for appellee.

STONE, J. This is an action of assumpsit brought to recover the amount alleged to be due for printing, placing, and maintaining an advertisement by the plaintiff on the street curtain of the Gayety Theater, Detroit. The advertisement was solicited by a traveling agent of the plaintiff on May 5, 1907, who sent the contract to the home office of the plaintiff, in Philadelphia, for approval. The contract was as follows:

" No payments to be made to agents except upon written

authority.   Verbal understandings or agreements will not be recognized.

"Imperial Curtain Company,
      "737 Walnut Street, Philadelphia.

"In consideration of the Imperial Curtain Company placing our advertisement on the street drop of the Gayety Theater, in the city of Detroit, State of Michigan, for three years from the date of first exhibit of advertisement to an audience, said advertisement to occupy 24x30 inches, we agree to pay to the Imperial Curtain Company the sum of one and fifty one-hundredths dollars ($1.50) per week, payable every four weeks in advance, payments to date from the day said advertisement is first exhibited to an audience in said theater.   *   *   *

"The Imperial Curtain Company is to make a rebate of $1.50 for each entire week the advertisement is not displayed during the life of this contract.   In case we do not furnish copy when requested, the Imperial Curtain Company is authorized to make up our copy themselves.   We agree to change advertisements twice a year during contract.

"Date: 5/17–07.

"Full name of advertiser:

"Reliable Pawnbrokers,

"Signed by Jacob & Sallan,

"Address 228 Randolph.
                     "Imperial Curtain Company,
                        "M. B. Schlesinger, Solicitor."

The contract was approved by the plaintiff, and the defendants were notified by letter of May 21, 1907, as follows:

                                    "May 21, 1907.

"Reliable Pawnbrokers,
            "228 Randolph St., Detroit, Mich.

"*Gentlemen:*  We are in receipt of your contract obtained by our Mr. Schlesinger to place your advertisement on the advertising drop of the Gayety Theater, Detroit, for three years from date of first exhibit.   Kindly accept our thanks.   We hope you will find it of great benefit to you.
            "Yours very truly,
                  "Imperial Curtain Co.,
                     "H. E. Naegele, Sec'y.  "

The agent of the plaintiff prepared a copy of the advertisement, and at the time the contract was sent to the home office in Philadelphia a copy of the advertisement accompanied it. This was subsequently printed in Philadelphia and sent to the Gayety Theater by express, and was placed on the drop curtain of the theater by pasting it thereon, and the same was there maintained and displayed continuously during the theatrical seasons of 1907 and 1908. The suit originated in justice's court, where the plaintiff had judgment. The defendants appealed to the circuit court, where the circuit judge directed a verdict for the plaintiff. The defendants bring error. The questions argued were raised by exception, and error has been assigned.

The case may be disposed of by considering the following points urged by defendants:

(1) That there was no proof of the due incorporation of the plaintiff under the law of any State.

(2) That, as a foreign corporation, it is required to file articles of incorporation here, in order lawfully to do business in this State; and this involves the question whether this business was interstate commerce, or was business of a purely local character.

1. The undisputed evidence shows that the order or contract was addressed to "Imperial Curtain Company, 737 Walnut Street, Philadelphia." The summons named "The Imperial Curtain Company, a corporation." The plea was the general issue. It seems to us that under the statute (section 10194, 3 Comp. Laws) the fact that the plaintiff was doing business under a certain name was *prima facie* evidence of ˌits due incorporation. There was in the act of the defendants in signing the contract or order evidence of the name and lawful existence of the plaintiff as a corporation, which clearly brings the case under the provisions of the statute above referred to. This statute applies equally to foreign and domestic corporations. As there was no countervailing evidence, this was sufficient. *Lake Superior Bldg. Co.* v. *Thompson*, 32

Mich. 293. We agree with plaintiff's contention that, under the plea of the general issue, the incorporation of the plaintiff was practically admitted. *Garton* v. *Union City Nat. Bank*, 34 Mich. 279; *Wilson Sewing Machine Co.* v. *Spears*, 50 Mich. 534 (15 N. W. 894). Nor was it necessary to allege its incorporation under any particular State law. The objection is purely technical, and without merit.

2. Was this interstate commerce? Commerce is a term of the largest import. It comprehends intercourse for the purposes of trade in any and all its forms, including transportation, purchase, sale, and exchange of commodities between citizens of one country, and the citizens or subjects of other countries, and between citizens of different States. 7 Cyc. p. 412. Sales of goods by a corporation situated without a State to a resident of the State, even though made through traveling salesmen or agents sent into the State, to be shipped to him into the State, belong to the operations of interstate commerce, and are consequently not subject to a prohibition of the State Constitution, or statute against foreign corporations doing business within the State, nor otherwise subject to prohibition or regulation by the State. 19 Cyc. p. 1230, and note citing cases. The law in force at the time the contract was made was Act No. 206, Pub. Acts 1901, as amended by Act No. 34, Pub. Acts 1903. The act in force at the time the contract was being carried out by the plaintiff was Act No. 310, Pub. Acts 1907. Each of these acts provides that it shall not be construed to prohibit any sale of goods or merchandise which would be protected by the rights of interstate commerce. If the plaintiff did no business of a local character, the case is not within the terms of the statute.

The plaintiff contends that the placing of a printed advertisement prepared in and shipped from Philadelphia on the theater curtain in Detroit amounted to nothing more or less than the delivery and installation of the commodity or the article of merchandise contemplated in the

contract, and that the contract is not affected by the statute.  Counsel for defendants concede that no charge was to be made for placing the advertisement upon the curtain.  They claim that the maintaining and displaying of this advertisement to the audiences in the theater, for the period of three years, or any other considerable period, was business of a purely local character, and not interstate commerce.  We agree with them in this claim.  Even though it should be held that the contract was accepted in Philadelphia, we cannot see how this fact would make any difference in the disposition of the case.  The statutes with reference to foreign corporations were not made merely for the purpose of preventing foreign corporations from coming into Michigan and making contracts here, but were passed principally for the purpose of preventing foreign corporations from carrying on their business in this State without subjecting themselves to certain liabilities and obligations.  It was the prevention of work within the State that was aimed at, and it was for work and service in this State that this suit was brought, as appears by the record.  Counsel for plaintiff concedes that it is a foreign corporation, and the evidence is undisputed that it has not complied with the requirements of our statute relative to the admission of foreign corporations to carry on business in this State.  The contract in this case, when properly construed, required the plaintiff to furnish the space, place the advertisement, and maintain and display the same for the period of three years at the Gayety Theater in the city of Detroit, and it was for the recovery of the contract price of two years' maintenance and display of such advertisement that this suit was brought.  This part of the contract was to be performed wholly in Michigan, and was purely of a local character.  If this contract had been simply for the manufacture in Philadelphia of an advertisement, and the installation of the same in the theater, a different question would be presented.  We are of opinion that the case is governed and controlled by the case of *Haughton Eleva-*

*tor & Machine Co.* v. *Candy Co.*, 156 Mich. 25, 27 (120 N. W. 18, 19). In that case, Justice GRANT said:

" If this contract were merely for the installation of a new elevator, plaintiff could urge with much reason that it was an act of interstate commerce, and did not fall within the cases of *Hastings Industrial Co.* v. *Moran*, 143 Mich. 679 (107 N. W. 706), and *Pittsburgh Construction Co.* v. *Railroad Co.*, 154 Fed. 929, 83 C. C. A. 501 (11 L. R. A. [N. S.] 1145), but within *Milan Milling Co.* v. *Gorten*, 93 Tenn. 590 (27 S. W. 971, 26 L. R. A. 135), and other similar cases. But repairs to buildings and machinery are in no sense interstate commerce. That part of the contract was to be performed wholly in Michigan. * * * It is local business, and corporations which undertake such work, even in a single transaction, come within the prohibition of the statute. See *Rough* v. *Breitung*, 117 Mich. 48 (75 N. W. 147)."

The court below erred in refusing to direct a verdict for the defendants on the ground that the plaintiff was a foreign corporation, and under the evidence had no right to do business in this State.

For the error pointed out, the judgment of the circuit court is reversed, and, there being no dispute as to the facts or subject-matter of the suit, no new trial is granted.

BIRD, C. J., and OSTRANDER, HOOKER, and BLAIR, JJ., concurred.