### R. J. ALLEN ET AL. v. TYSON-JONES BUGGY COMPANY.

No. 542.—Decided May 6, 1897.

1. **Foreign Corporation—Permit to do Business.**

A North Carolina corporation sued for the conversion of carriages manufactured by it and shipped to a firm in Texas to be sold on commission. Held, that the shipment to Texas was interstate commerce, to which the statute requiring permission to such corporation to do business in the State (Rev. Stats., arts. 745 to 747) was not applicable; and the business of selling was that of the commission merchant, and not of the corporation, and did not bring the latter within the classes of corporations required to procure such permit.

#### ON MOTION FOR REHEARING.

2. **Certified Questions.**

The Supreme Court has jurisdiction to answer only such certified questions as arise upon the facts, which facts are to be found by the Court of Civil Appeals and certified with the question.

QUESTION CERTIFIED from the Court of Civil Appeals, Fourth District, in an appeal from Navarro County.

The suit was brought by the Tyson-Jones Buggy Company against R. J. Allen et al. to recover for conversion · of plaintiff's property. From a judgment in favor of plaintiff, the defendants appealed. The judgment was affirmed by the Court of Civil Appeals, but, pending a motion for rehearing by appellants, the question shown in the opinion was certified to the Supreme Court.

*C. L. Jester* and *R. S. Neblett*, for appellants.—A petition showing that a corporation is a foreign corporation doing business in the State of Texas must further show, as a condition precedent to maintaining a suit in Texas, that such corporation has filed its charter with the Secretary of State and obtained permission to do business in the State of Texas. Rev. Stats., 1895, arts. 745, 746, 747; Huffman v. Western Mortgage Co., 36 S. W. Rep., 306; Reed v. Walker, 2 Texas Civ. App., 92.

*W. W. Ballew*, for appellee.—A foreign corporation may sell goods to a citizen of Texas, or may ship goods to a commission merchant in Texas, to be sold by such commission merchant, and recover, either the price of the goods in the one case, or the goods in the other, without obtaining permit to do business, because such sale or shipment is interstate commerce and any statute prohibiting such transaction is unconstitutional and void, because interference with interstate commerce. Bateman v. Western Star Milling Co., 1 Texas Civ. App., 90; Lyons-Thomas Hardware Co. v. Reading Hardware Co., 21 S. W. Rep., 300; Art. 1, sec. 8, U. S. Constitution.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fourth Supreme Judicial District has certified to this court the following statement and question:

"This suit was brought by appellee, Tyson-Jones Buggy Co., against appellants, Kemsler Bros. and R. J. Allen, to recover $300 actual and $100 vindictive damages for the alleged wrongful conversion by appellants of a phaeton and buggy belonging to the appellee.

"It was alleged by appellee, plaintiff below, in its petition, that it was a corporation organized under the laws of the State of North Carolina, in which State, at Carthage, was its principal office; that on the 6th day of November, 1893, it owned a certain stock of buggies and phaetons in Corsicana, Texas, then and there in the possession of Messrs. Southworth and Keesee, Commission Merchants, under a contract with appellee to handle them on commissions; and that on the day and year aforesaid a phaeton and buggy of said stock were unlawfully seized and converted to their own use by appellants, with full knowledge of the fact that they were the property of the appellee.

"Exceptions were interposed by appellants to the petition, to the effect that it appeared therefrom that appellee is a foreign corporation, and it was not alleged that it had filed its articles of corporation and obtained permission to do business in Texas. The exceptions were overruled.

"The uncontroverted facts show that the phaeton and buggy were the property of appellee, and while in the possession of its agents, Southworth and Keesee, for sale on commissions, they were seized, at the instance of Kemsler Bros., by R. J. Allen, as constable, under a distress warrant issued in favor of Kemsler Bros. against Southworth and Keesee, and were afterwards sold by said constable at public auction. Before they were sold the attorney representing Kemsler Bros. was notified of the fact that they were the property of appellee. There was no evidence introduced by either party upon the question of whether appellee had filed its articles of incorporation with the Secretary of State and obtained permission to do business in Texas. The appellants asked the court to instruct the jury, as there was no such evidence, to find a verdict in their favor, which was refused.

QUESTION.—"Is it necessary for a foreign corporation doing business in this State, before it can maintain an action in our courts against one for wrongfully converting its property used in carrying on such business, to allege and prove that it has a permit to do business in Texas?"

Taken in connection with the statement made, we understand the question propounded to be, was it necessary for the plaintiff corporation to allege facts showing that it had complied with article 745 of the Revised Statutes, which read as follows: "Hereafter any corporation for pecuniary profit, except as hereinafter provided, organized or created under the laws of any other State, or of any territory of the United States, or any municipality of such State or territory, or of any foreign government, sovereignty or municipality, desiring to transact business in this State, or solicit business in this State, or establish a general or special office in this State, shall be and the same are hereby required to file with the Secretary of State a duly certified copy of its articles of incorporation, and thereupon the Secretary of State shall issue to such corporation a permit to transact business in this State."

To the question thus understood we answer, that it was not necessary, in connection with the facts stated, to allege a compliance with the statute, because it does not appear that the plaintiff belonged to any one of the classes of corporations named. The plaintiff was not desiring to solicit business in this State, nor was it desiring to establish a general or special office in this State. The business which it transacted, as shown by the allegations, was to enter into a contract with the commission merchants to sell its buggies and phaetons on commission. The clear inference is, that these buggies and phaetons were introduced into this State from the State of North Carolina, and so far the transaction belongs to interstate commerce and cannot be regulated in the manner

prescribed by the statute quoted.   Gunn v. White Sewing Machine Co., 57 Ark., 24.   The selling of the buggies and phaetons, which was to be done by the commission merchants, was not a business done or carried on by the corporation.   It was the business of the commission merchants themselves.

In the case of Keating Implement and Machinery Co. v. Favorite Carriage Co., 35 S. W. Rep., 417, the appellee, a foreign corporation, had taken some property from a debtor in this State and placed it in the hands of a firm of commission merchants for sale.   A creditor of the commission firm levied upon the property, and the owner sued to recover the value of the property.   In the trial court the question was made that the plaintiff .in that case, a foreign corporation, could not maintain the suit because it had not complied with the article of the statute before quoted.   The Court of Civil Appeals held that the plaintiff in the case did not belong to any one of the classes of corporations required by the law to secure permits to do business in this State. . Application was made to this court for a writ of error based upon the ruling of the court upon that question and this court refused the application.   That case in all essential particulars is on all-fours with the one presented by the statement submitted to us.

Delivered April 15, 1897.

C. L. Jester and R. S. Neblett, for appellants, filed a motion for rehearing, in support of which they urged:

The very question certified by the Court of Civil Appeals presupposes and finds two facts:   (1) The foreign corporation was doing business in Texas.   (2) The property alleged to have been converted was used by the foreign corporation in such business.   From these two facts springs the question certified:   "Is it necessary for a foreign corporation doing business in this State, before it can maintain an action in our courts against one wrongfully converting its property used in carrying on such business, to allege and prove, that it has a permit to do business in Texas?"

Art. 745, Rev. Stats., 1895, requires any foreign corporation "desiring to transact business in this State" to obtain permission to do so. The Court of Civil Appeals, in the question certified, finds that the foreign corporation was doing business in Texas, and asks this court to say whether it is necessary that such corporation should comply with the statute.   Whilst from the question certified it does not appear that the corporation was desiring to solicit business in this State, nor does it appear that it was desiring to establish a general or special office in Texas, it does appear that it was doing business in the State of Texas, and it does not appear that it had permission to do such business.

We feel constrained to take issue with the court on the proposition that the case now before it is on all-fours with the case of Keating Implement and Machine Co. v. Carriage Co., 35 S. W. Rep., 417.   The point decided in that case was that its single transaction did not bring

the foreign corporation within the provisions of the statute applicable to foreign corporations desiring to transact business or solicit business or establish a general or special office in Texas. In the case under consideration undisputed facts show that there were numerous and various shipments of goods by the foreign corporation to Southworth & Keesee. The Court of Civil Appeals is not asking for information upon an interstate commerce transaction, but has found, as a fact involved in the questions asked, that the foreign corporation in this case was doing business in Texas, and asks for information as to the law on that construction of the facts; and it seems to us that this honorable court ought not to and cannot ignore the findings of the Court of Civil Appeals that this corporation was doing business in Texas. We respectfully suggest that the Court of Civil Appeals has not asked this court to find the facts in the case, but to give them the law upon the facts they have found and certified.

The case of the Western Paper Bag Co. v. Johnson, 38 S. W. Rep., 364, it seems to us approaches very closely the case now before this court.

We submit, that, even if this court has the power to find and does find that the goods involved were introduced by the foreign corporation into this State from North Carolina, or from some other State into this State, still, under the allegation that Southworth & Keesee, as its agents, were selling the goods for it, and under the proof that there were various and sundry shipments, it would require a strained construction of the statute to say that these transactions were interstate transactions, and would therefore come under the ban of the Federal Constitution. If such be the construction, the statute becomes nugatory, because any foreign corporation would ship its goods into Texas and place them in the hands of an agent, under a contract with such agent to sell the goods upon commission, instead of paying the agent a salary.

It seems to us that the fact that the goods were being sold on commission cannot alter the principle that the parties selling the goods were the agents of the foreign corporation, and that, therefore, the sales were the sales of the corporation, and not the sales of the agents.

### ON MOTION FOR REHEARING.

BROWN, ASSOCIATE JUSTICE.—Counsel for appellant insist that this court must answer the questions certified to it by the Court of Civil Appeals without regard to the facts found and stated by that court as the basis of the question certified. This court has held that it had no jurisdiction to decide questions which do not arise upon the facts and that the facts must be found and certified with the question. Railway v. Belcher, 88 Texas, 549. The Court of Civil Appeals made a very clear and satisfactory statement of the allegations of the petition and the facts found by that court, and upon this statement propounded the question submitted. Appellant insists that the question presupposes

that the Court of Civil Appeals found that the appellee was doing business in this State and using the property in question in conducting that business. But the court having stated the facts upon which the question was predicated, there is no room for supposition as to the facts' found. The question must be understood as referring to the character of business shown by the allegations of the petition and the facts stated, and we have held, and adhere to that ruling, that the allegations of the petition and the facts found by the Court of Civil Appeals do not constitute a business that comes within the terms of article 745 of the Revised Statutes. The motion for rehearing is therefore overruled.

*Motion overruled.*