## J. D. LASATER ET AL. V. PURCELL MILL AND ELEVATOR COMPANY.

Decided October 23, 1899.

**1.   Corporation—Right to Sue—Pleading—Demurrer.**

Defendants, sued in this State by a corporation doing business in the Indian Territory, can not by exceptions question plaintiff's right to sue, on the ground that it was chartered in Kentucky with the view of doing business elsewhere, and not in Kentucky, where the petition alleges only that plaintiff was chartered in Kentucky and was doing business in the Indian Territory.

**2.   Same—Interstate Commerce.**

A corporation manufacturing goods outside of this State and shipping them into it to commission merchants, to be sold on commission, are engaged in interstate commerce, and are not subject to article 745, Revised Statutes, requiring a permit.

**3.   Same—Carloads and Broken Lots.**

Where the manufacturers of flour and feedstuffs, put up in sacks, ship it into this State in car loads to commission merchants, the fact that the latter sell it by the sack does not destroy the interstate character of the business.

**4.   Sureties—Application of Payments.**

Where defendants, who were commission merchants and had given a bond of $1000 to a milling company to secure payment for goods shipped to them invoicing over $2000, had a settlement with such company by which it was ascertained that they were entitled to credits amounting to nearly one thousand dollars for rebates, commissions, and goods returned, the sureties had no right to have such amount credited upon their liability on the bond.

**5.   Principal and Surety—Admissions of Principal.**

Where commission merchants were indebted to a milling company upon open account for goods shipped, and at the time of settlement ascertaining the amount due they were doing a commission business under a contract with the company for which their sureties were bound, their admission, in such settlement, that the amount agreed upon was correct, is competent evidence against the sureties in an action against all parties on the bond.

APPEAL from Hunt.   Tried below before Hon. HOWARD TEMPLETON.

*Craddock & Looney* and *Montrose & Clark,* for appellants.

*Sherrill & Hefner,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted on the 11th day of August, 1898, by the Purcell Mill and Elevator Company, a corporation chartered under the laws of the State of Kentucky, and having its principal place of business in Purcell, I. T.   The defendants were Geo. B. Adams and J. M. Chandler, who were sued as principals, and J. D. Lasater, R. M. Chapman, W. H. Bush, and F. M. Newton, who were sued as sureties on a bond to secure the performance of the contract of Adams & Chandler to the plaintiff.   Plaintiff alleged that on the 29th of March, 1897, it was engaged in operating a grain mill at Purcell, in the Indian Territory, and in the manufacture and sale of the products of said mill, consisting of flour, meal, and bran, and shipping and selling the same in the Indian Territory, Oklahoma, Texas, Arkansas, and other States, and that on said date Geo. B. Adams and J. M. Chandler were engaged in a commission business in the city of Greenville, Texas, on which day plaintiff entered into a contract with said Adams & Chandler by which they were to ship the products of their mill to said Adams & Chandler to be by them sold under said contract and the proceeds thereof, less a commission remitted to plaintiff at Pursell, and that plaintiff did ship and deliver to said Adams & Chandler a large quantity of flour, meal, bran, and grain, which they sold, and that said Adams & Chandler failed to comply with the contract and did not remit the proceeds of sale, and on December 23, 1897, the goods which had been sold by them and for which they had not accounted to plaintiff amounted to $1403, exclusive of commission, and that on said day an adjustment and an accounting or settlement was had between plaintiff and Adams & Chandler, by which it was agreed that said Adams & Chandler were indebted to plaintiff in the sum of $1403, which amount they had refused and failed to pay.   Plaintiff further alleged, that to secure the performance of the contract on the part of Adams & Chandler to plaintiff in the payment of all money to become due for merchandise shipped to them under said contract, they executed a bond with themselves as principals and the other defendants as sureties.   Plaintiff further alleged, that at the time of the execution of the contract it did not have and has not now a permit to do business in the State of Texas.   And further, that it was not then nor now transacting business within this State, but was engaged in interstate commerce.

The defendants, on October 3, 1898, answered, first by sworn plea, in which they question the right of plaintiff to maintain the suit, in that it is alleged that plaintiff's charter was procured in the State of Kentucky with the intention of not operating its plant or doing business in said State, but with the intention to maintain its plant and principal

office exclusively in the Indian Territory. Defendants filed general and special exceptions, general denial, and specially pleaded that the contract sued upon showed that plaintiff was transacting and did transact business in this State, and that it was not exempt from the statutes of this State requiring it to secure a permit to do business here. The defendants Bush, Chapman, Lasater, and Newton plead their suretyship.

On October 20, 1898, plaintiff by supplemental petition demurred generally and specially to appellants' plea of abatement and pleaded general denial to the matters set up in defendants' answer, and specially alleged the defendants' contract with plaintiff as a corporation, and that they received the benefits of the contract and are now estopped from denying plaintiff is a corporation and have no right to question the validity of plaintiff's corporation, because such right can only be questioned by the State creating the same, and that one in which it is conducting its business. The defendants' exceptions to plaintiffs' petitions were by the court overruled and defendants excepted.

On November 14, 1898, the cause was tried by the court without a jury, and resulted in a judgment for plaintiff against Adams & Chandler for $1403 as principal, and $74.60 as interest, and a judgment against the sureties for $1000, the amount of the bond, together with costs. To which action defendants excepted, gave notice of appeal, and have prosecuted their appeal to this court.

*Findings of Fact.*—We find that on March 29, 1897, the plaintiff, the Purcell Mill and Elevator Company, was a corporation duly incorporated under the laws of the State of Kentucky, and that it was the owner of and operating a mill at Purcell, in the Indian Territory, and manufacturing flour, bran, and meal, and dealing in grain and other products. That on said day and prior thereto the defendants, Adams & Chandler, were commission merchants engaged in regular commission business in the city of Greenville, Texas; that on said day said Purcell Mill and Elevator Company and Adams & Chandler entered into a contract by which the elevator company agreed to furnish to said Adams & Chandler flour and other millstuffs named in the invoices of said elevator company. The merchandise was to remain the property of the elevator company until sold by Adams & Chandler. The elevator company was to deliver the merchandise to said Adams & Chandler and prepay freight on all shipments. Adams & Chandler were to keep the merchandise insured in a sum equal to three-fourths of its value, loss, if any, payable to the elevator company. They were to sell the goods at not less than the invoice price, to remit at least once a week to the elevator company for all goods sold by them at the invoice price less a commission as follows: On flour, 10 cents per barrel; on bran, 1 cent per 100 pounds; on meal, 1 cent per bushel of 40 pounds; on corn, $3 per car; and such other commissions on other millstuff as may be agreed upon.

At the same time Adams & Chandler as principals, and J. D. Lasater, W. H. Bush, R. M. Chapman, and F. M. Newton executed and delivered

to the Purcell Mill and Elevator Company their bond for the sum of $1000 to protect the said company in the event said Adams & Chandler failed to comply with the terms of their contract and remit for products they had already delivered or shall from time to time deliver to said Adams & Chandler. The mill and elevator company did from time to time ship its mill products and other merchandise to Adams & Chandler, who received the same under said contract and sold parts of the same and failed to account to the said company for the price therefor, less their commission. That the sum they so failed to account for amounted to $1403, after allowing all proper credits and commissions. That during the time that Adams & Chandler were acting as commission merchants for said Purcell Mill and Elevator Company, and while said contract was in force between them, an adjustment was had in which it was admitted and agreed that there was due from said Adams & Chandler to said company, under the terms of said contract, the sum of $1403. That after said admission and adjustment between the parties the contract between them terminated.

*Conclusions of Law.*—Appellants group their first and third assignments of error, and under them the contention is made that a corporation organized in one State with the view of conducting its business in another State or Territory, and without the intention of doing business in the State of its organization, is not a corporation, and can not sue as such.

The allegations in the petition were, that the Purcell Mill and Elevator Company was incorporated under the laws of the State of Kentucky, and that it was conducting business in the Indian Territory. It was not shown by the petition that the company was not doing business in the State of Kentucky, or that at the time its charter was procured the parties procuring the charter were not residents of the State of Kentucky, and that the corporation was created to carry on its business in Kentucky, or that there was any law in the Indian Territory prohibiting a corporation chartered under the laws of the State of Kentucky from doing business in that Territory. Under the allegations contained in the petition appellants' contention does not arise. The court did not err in overruling the defendants' special exceptions to the plaintiff's petition. Cook, Stock and Stockh., sec. 237; Lancaster v. Imp. Co., 35 N. E. Rep., 964. The record fails to show any action by the court on defendants' plea in abatement.

Appellants' fourth and fifth assignments are grouped, and under them the following proposition is presented: "A foreign corporation not engaged in interstate commerce, or not engaged in business for the government, must allege and prove that it had, prior to the contract sued upon, complied with the laws of this State and procured a permit to do business herein, or must show by its allegations of fact the business it is conducting does not bring it within the operation of our statutes."

However this may be, there is no error presented by the fourth and fifth assignments, because the plaintiff was engaged in interstate com-

merce, and was not therefore required to procure a permit as a condition precedent to doing such business and to its right to maintain this suit as provided by article 745 of the Revised Statutes. The plaintiff was not doing business in this State. Its goods and products were shipped to the commission merchants, Adams & Chandler, and by such commission merchants sold. The plaintiff was not "transacting" or "soliciting" business in this State. The business as conducted by the commission merchants was the business of such merchants. Allen v. Buggy Co., 40 S. W. Rep., 393; Miller v. Goodman, 15 Texas Civ. App., 244; Mfg. Co. v. Hardee, 16 Pac. Rep., 605.

Appellants under their sixth and seventh assignments of error present the same proposition in effect as is presented in their fourth and fifth assignments, further contending that the evidence shows that plaintiff was not engaged in interstate commerce, but was transacting and soliciting business in this State, or that it established a general or special office in this State. As above stated, the contract between the plaintiff and Adams & Chandler was a commission contract, and under it the plaintiff shipped and delivered to Adams & Chandler, in carload lots, its mill products and other products in which it was dealing. The flour was put up by plaintiff and shipped in sacks of 24 and 48 pounds each; four sacks of 48 pounds each made a barrel. Bran was shipped in sacks of 100 to 150 pounds each. The meal was shipped in sacks of 38 to 40 pounds each; corn in sacks of about four bushels. Adams & Chandler sold this flour, meal, corn, and bran by the sack or in packages in which it had been put up and shipped. The contention is that as the goods were shipped in carload lots and sold by the sack, or in the packages in which they were put up and shipped, they thereby lost their identity as interstate commerce. In support of this contention counsel cited the case of Leisy v. Hardin, 135 U. S., 100. That case does not support this contention. The beer in that case was offered for sale in the original keg in which it was put up by the manufacturer. It was manufactured in Peoria, Ill., and shipped into the State of Iowa. The findings of the court do not show affirmatively that the beer was shipped into the State of Iowa in carload lots. We do not think it reasonable to infer that each keg offered for sale was a separate shipment into that State. The Supreme Court of this State, we think, has settled this contention adversely to appellant in the cases of Allen v. Tyson and Miller v. Goodman, supra.

Appellants group their eighth and ninth assignments of error and present thereunder the following proposition: "Where the debtor owes the creditor a debt, a part of which is secured by the liability of sureties, and a part unsecured, and a payment is made by the debtor, and no appropriation of the payment is made by either the debtor or creditor, the law will so dispose of the payment as to protect the rights of the sureties."

In December, 1897, Adams & Chandler were indebted to plaintiff in the sum of $2297.76. In arriving at a settlement it was ascertained that they were entitled to the following credits: Commissions on sales

made, $246.10; merchandise returned, $426.76; rebate, overcharge of goods, $211.90; making a total of $894.76.

The contention is that of the amount owing by Adams & Chandler, to wit, $2297.76, there was secured by the bond $1000, and that the credit should have been applied to the $1000 secured, and the liability of the bondsmen thereby diminished. This contention is not tenable. There was but one account between the parties. The invoice of the goods delivered to the defendants and not accounted for amounted to the sum of $2297.76. On this sum the commission merchants were entitled to the credits above set forth. The credits were applied upon the account generally by the elevator company, leaving the balance due as above set forth. The sureties are in no position to complain in this respect.

Appellants' eleventh assignment of error reads as follows: "The court erred in permitting the witness J. W. Hocker, and the witness G. B. Adams, over the objections of these appellants, to testify about the final settlement made between the plaintiff and Adams & Chandler, at Greenville, December 23, 1897, because it was not shown that appellants were present and consented to or knew of the amount agreed upon between the appellee and Adams & Chandler."

The witness Adams, one of the defendants, testified "that the amount sued upon by plaintiff is approximately correct." He further testified, that when he found that they were behind he went to Purcell to see the plaintiff in reference to the condition of affairs. He saw the manager and they went to the office of Mr. Hocker. Mr. Hocker returned with the witness to Greenville, and they there agreed that they then have a settlement, and agreed upon the amount. The witness Hocker testified that he came to Greenville about the 23d of December, 1897, as the agent and attorney of plaintiff to see about the business of Adams & Chandler. He brought with him the statement of Adams & Chandler rendered to the elevator company, showing, as he says, the amount on hand and the amount due. He had an accounting with them in regard to their indebtedness, and they, Adams & Chandler, agreed with him that at the time they were indebted to plaintiff in the sum of $1403, after allowing for rebates, goods returned, and commissions due them. This was due for millstuffs shipped by plaintiff to them under the contract sued upon. When this accounting was had Adams & Chandler were still acting as commission merchants and had a considerable amount of plaintiff's goods on hand. The contract between plaintiff and Adams & Chandler was still in force.

At the time the amount was agreed upon none of the sureties were present, but a short while afterwards, and on the same day, the witness Hocker went and introduced himself to Mr. Bush, one of the sureties, told him his business, and showed him the bond, and they together went to see Mr. Lasater, another surety, and had a conversation with him in regard to the matter.

The general rule is, that the admissions of a principal will not be admitted to bind the sureties, unless such admissions were made during

·the transaction of the business for which the surety was bound, so as to become part of the res gestae. Greenl. on Ev., sec. 187; 2 Brandt on Suretyship, secs. 624, 625; Barry v. Screwmen's Assn., 67 Texas, 250; Keowne v. Love, 65 Texas, 152.

In this case, when the amount due by Adams & Chandler to the elevator company was ascertained and admitted by them and the amount · of the several credits was agreed upon, Adams & Chandler were still acting as commission merchants under the contract and transacting business for which the sureties were bound. The suit is against the principals and sureties jointly and severally, and an admission or declaration of the principal which is competent evidence against him is also generally held to be competent against the sureties. 2 Brandt on Suretyship, sec. 625, and authorities.

In this case the sureties pleaded a general denial and their suretyship. The plaintiff set up the settlement, and there was no plea attacking such settlement for want of notice by the sureties.

We think the evidence of the witnesses Hocker and Adams was admissible, and .therefore overrule appellants' eleventh assignment of error. Independent of these admissions there was evidence tending to show that the account sued on was correct.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.