## LA FON et al. v. FALLS RUBBER CO.
### (No. 6448.)

(Court of Civil Appeals of Texas. Austin
May 10, 1922. Rehearing Denied
June 21, 1922.)

1. **Limitation of actions** ⬅️127(4)—**Amendment in action against agent held not barred by limitations.**

Where, in action to recover for automobile accessories furnished, the original petition alleged that plaintiff and one of the defendants made a contract by which such defendant was to sell such accessories for plaintiff in the manner shown in the contract, which showed that such defendant was to sell as agent for plaintiff, an amended petition, setting out a cause of action for goods consigned, did not set up a new cause of action as respects limitations.

2. *Corporations* ⬅️642(4½)—*Foreign corporation held to be doing business in state by and through an agent.*

A contract between a foreign corporation, under which it consigns goods to another in this state to be sold for its account by the latter whose compensation is the price he receives for the goods over and above the price named in the invoices, shows that it is doing business in this state by and through an agent, so as to require a permit therefor, and it is not merely consigning goods for delivery in this state in interstate commerce so that no permit would be required.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Corporations** ⚖≈661(6)—**Without a permit to do business, held foreign corporation doing business in state could not sue its agent therein.**

Without a permit to do business, a contract between a foreign corporation doing business in the state by and through an agent could not sue its agent in this state.

**4. Monopolies** ⚖≈17(1) — **Exclusive agency contract held not illegal.**

An oral agreement between a corporation and its selling agent that he should sell only in certain counties, at an agreed price, and that no one else should be permitted to sell the corporation's goods in such territory, did not violate the statutes forbidding contracts in restraint of trade.

Appeal from District Court, McLennan County; Jas. P. Alexander, Judge.

Action by the Falls Rubber Company against W. E. La Fon and another. From judgment for plaintiff, defendants appeal. Reversed and rendered.

G. W. Barcus, of Waco, for appellants.
Witt, Terrell & Witt, of Waco, for appellee.

JENKINS, J. Appellee sued appellants herein to recover for certain automobile accessories furnished appellants by appellee. There was judgment for the amount sued for. The facts necessary to an understanding of the issues herein will appear in the opinion.

[1] The first proposition made by appellants is that the court erred in refusing a peremptory instruction in behalf of appellants, for the reason that the cause of action herein is barred by the statute of limitation. This proposition is upon the assumption that the amended petition sets up a different cause of action from that alleged in the original petition. The original petition was filed herein December 13, 1913. The first amended original petition was filed April 17, 1919, and the second amended original petition, upon which plaintiff went to trial, was filed April 30, 1920. Appellants contend that the cause of action set out in the original petition was for goods sold by appellee to appellant La Fon, and that in the amended petitions the cause of action is for goods consigned. The original petition alleges that plaintiff and defendant La Fon, on January 11, 1912, entered into a contract, by the terms of which La Fon was to sell automobile accessories for plaintiff, in the manner shown in said contract. The contract shows that La Fon was to sell as agent for appellee. In another paragraph of the original petition it is alleged that plaintiff sold La Fon goods shown by exhibit attached, "in accordance with the terms and stipulations of said contract." We think the original petition was a suit against La Fon as agent of appellee. At least, it was sufficient for that purpose to arrest the statute of limitation. Kille-

brew v. Stockdale, 51 Tex. 531; Tarkinton v. Broussard, 51 Tex. 554; Railway v. Cook, (Tex. Civ. App.) 25 S. W. 455; Railway v. Johnson (Tex. Civ. App.) 34 S. W. 188.

[2] It is the contention of appellants that the court should have peremptorily instructed in their behalf, for the reason that the appellee was a foreign corporation, and had no permit to do business in Texas. We sustain this contention. The petition, as well as the evidence, shows that appellee was a foreign corporation, and it was not alleged that it had a permit to do business in Texas. The contention of appellee is that it did not do business in Texas, but consigned La Fon goods manufactured by it in Ohio, to be delivered in Texas. If this were true, it would be an interstate transaction, and no permit would be required. Appellee cites in support of its contention Stein v. Fulton (Tex. Civ. App.) 159 S. W. 1013. In that case the goods were consigned by a foreign corporation, and were to be stored in the warehouse of defendant, to remain the property of the corporation until they were sold. But the defendant in that case, in selling the goods, acted for himself, and not as agent for the maker; for which reason it was held that it was an interstate transaction.

In the instant case, the contract clearly shows that it was one of agency. We quote from the contract as follows:

"The party of the first part has and does hereby appoint the party of the second part its agent."

After stating the counties in which La Fon was to make sales, it is added:

"It being mutually agreed that such agency is and shall be restricted, etc. * * * In consideration of such appointment, the party of the second part agrees to act as the agent of the party of the first part during the life of this agreement. * * * Said stock of tires and accessories shall be sold for the account of the party of the first part."

Compensation of the agent was to be the price that he received for such goods over and above the price named in the invoices. This contract shows that appellee was doing business in Texas by and through its agent, La Fon. "Qui facit per alium facit per se." The acts of the agent are the acts of the principal. Such being the case, the appellee could not maintain a suit against appellants in this state without a permit. This proposition is too well settled to require the citation of authorities.

This case is distinguished from sales made by a foreign corporation through its traveling salesmen in this state. In such case, where the salesman merely takes an order for the purchase of the goods, subject to approval by his principal, the sale is made when and where the order is accepted. Such acceptance being in a state other than where

the goods are afterwards delivered constitutes the same interstate commerce. In the instant case, the appellee, a foreign corporation, shipped its goods to La Fon to be by him stored in his warehouse, in Waco, Tex., and by him to be sold and delivered in Texas, in the counties specified in the contract. The agent was authorized to consummate such sales without referring them to his principal for approval. Each sale would be a sale by appellee in this state, through its agent who maintained a place of business in Waco, Tex., and sold the goods of appellee stored in a warehouse in that city.

[3, 4] Appellants offered to prove that at the time the written contract herein referred to was executed, there was an oral agreement between the parties thereto that La Fon should sell the goods, which were the subject of such contract, only in the counties therein named, at an agreed price, and that no one else should be permitted to sell the goods of appellee in such territory. Such testimony was excluded, upon the objection of appellee that it varied the terms of the written contract. Perhaps the contract was sufficiently ambiguous to have rendered this testimony admissible, if it had been material and not objectionable except for the reason stated. But the appellee, as owner of the goods, had the right to determine to whom it would sell the same and at what price, and had the same right when selling through its agent as if it had been making such sales itself. Such restriction upon its agent would not violate our statutes forbidding contracts in restriction of trade. We having held that the transactions upon which this suit is based were sales by the appellee through its agent, we hold that such testimony was immaterial.

For the reason that appellee was a foreign corporation, and in the transactions herein sued upon was doing business in Texas without a permit, the judgment of the trial court is reversed, and judgment is here rendered for appellants.

Reversed and rendered.