## AMERICAN GROCERY CO. v. UNION SUGAR CO. (No. 1400.)*

(Court of Civil Appeals of Texas. El Paso. Dec. 14, 1922. Rehearing Denied Jan. 4, 1923.)

1. **Commerce ⬳8(12)—Statutes relating to rights of foreign corporations to do business do not apply to shipments and storage in interstate commerce.**

Rev. St. 1911, arts. 1314–1318, relative to the right of foreign corporations to do business and sue in the state, have no application to shipments and storage constituting interstate commerce.

2. **Evidence ⬳357—Letter signed by defendant, showing terms of agreement and acknowledging receipt of sugar, held properly admissible in an action to recover for sugar shipped.**

A letter, showing the terms of an agreement signed by defendant and acknowledging receipt of sugar to be kept in storage for defendant's account until he was billed for it, did not have to be signed by plaintiff also to render it admissible in an action for conversion of sugar, nor was it objectionable simply because it was a warehouse receipt.

3. **Evidence ⬳353(7)—Warehouse receipt not inadmissible.**

There is no rule which excludes a warehouse receipt from being introduced in evidence simply because it is a warehouse receipt.

4. **Bailment ⬳23—Agreement to hold sugar until invoiced to holder held to mean to hold until price agreed upon.**

Agreement, in the form of a letter signed by grocery company, addressed to brokers of

sugar company, acknowledging receipt of 800 bags of sugar from the sugar company to be kept in storage for their account until the grocery company was invoiced for the same, necessarily meant that the sugar should be held until a price might be agreed upon, for no invoice could be made until there had been such an agreement reached.

5. **Appeal and error ⬳882(19)—Party in an action for conversion of sugar, refusing to accept and pay invoice under terms of contract, cannot complain of jury's finding as to the market value on day sugar was converted.**

Where defendant converted the sugar shipped to him, and refused to accept an invoice under the terms of the agreement, and to pay the invoice price, which was less than the jury's finding, he cannot complain of the finding of the jury as to the true market value of the sugar on the day it was converted.

6. **Judgment ⬳253(4)—Plea in set-off necessary to support allowance.**

In an action for conversion of sugar stored with defendant, making no plea in set-off, an allowance for storage charges could not be made.

Error from District Court, El Paso County; B. Coldwell, Judge.

Action by the Union Sugar Company against the American Grocery Company. Judgment for plaintiff, and defendant brings error. Affirmed.

S. J. Dodson, of El Paso, for plaintiff in error.

Peden & Peden, of El Paso, for defendant in error.

### Statement of Case.

HIGGINS, J. Defendant in error sued the plaintiff in error to recover the sum of $7,460, with 6 per cent. interest from March 26, 1921. Judgment in plaintiff's favor was rendered on January 12, 1922, for $7,814.35, and defendant appeals. The plaintiff alleged that it was a corporation domiciled in California, and engaged in buying and selling sugar at wholesale in interstate commerce in the state of Texas; that through its broker it stored with defendant 800 sacks of sugar in the city of El Paso, weighing 100 pounds each, the defendant agreeing in writing to hold said sugar until such time as a price might be agreed upon, which agreement was attached to and made a part of the petition; that defendant refused to buy at the price plaintiff was willing to accept, and, demand being made for the sugar, defendant refused to so deliver, and converted the same; that the market value thereof at El Paso when demand was made was $9.32½ per 100 pounds. The uncontroverted evidence disclosed a conversion by defendant. Upon the two special issues submitted it was found that the conversion occurred on March 18, 1921, and the

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 28, 1923.

market value of the sugar upon that date at El Paso was $9.32½ per 100 pounds.

## Opinion.

[1] 1. The pleadings of the plaintiff and the evidence adduced discloses that the shipment of the sugar to El Paso and its storage there was interstate commerce, for which reason articles 1314 to 1318, R. S., relative to the right of foreign corporations to do business and sue in Texas have no application. Allen et al. v. Tyson-Jones Buggy Co., 91 Tex. 22, 40 S. W. 393, 714; Miller & Co. v. Goodman, 91 Tex. 41, 40 S. W. 718; Stein, etc., v. Fulton Co. (Tex. Civ. App.) 159 S. W. 1013.

[2] 2. Error is assigned to the admission in evidence of the written receipt for the sugar. The instrument was in the form of a letter signed by defendant, addressed to the plaintiff's brokers, and acknowledged receipt of 800 bags of sugar to be kept in storage for their account until defendant was invoiced for same. The objection urged against its admission, as shown by the bill of exception, is:

"Because (1) it would not show the terms of the agreement; (2) that any agreement would have to be in writing, and signed by both parties; (3) and that at most the paper tendered is only a warehouse receipt, signed by one party."

Excepting further:

"As far as going only to show that we received the sugar, we are willing to let it go in, for that purpose, but not for the purpose of showing a purported contract between the parties. It is only signed by one party, and the witness has already testified that it is a receipt. We object to its being received in evidence for any other purpose than to show that we received the goods."

[3] The objections were properly overruled. The letter showed the terms of the agreement; it was in writing, but it did not have to be signed by the plaintiff's broker, and there is no rule which excludes a warehouse receipt simply because it is such receipt.

[4] 3. In this connection it, is further asserted that recovery was unwarranted because there was a variance between the contract evidenced by the letter and the allegation of the petition as to the terms of the contract and the oral testimony supporting the same. This is predicated upon the theory that the letter being attached to the petition speaks for itself as to its terms and controls, and is in conflict with the allegation and oral testimony that the sugar was to be held by defendant until a price might be agreed upon. There is no merit in this, for the written agreement by defendant to hold until invoiced necessarily meant to hold until a price might be agreed upon, for no invoice could be made until there had been such an agreement reached. There is also oral testimony, unobjected to, that this was the meaning of the term used in the letter, but this was its necessary import, without the aid of oral evidence to explain its meaning.

[5] 4. The fourth and last proposition is:

"The verdict and judgment are excessive under the plaintiff's pleadings, in that the writing pleaded by plaintiff below stated that the sugar was to be held by the American Grocery Company until invoiced to it by plaintiff, and plaintiff's evidence shows that such invoice was actually rendered on March 21, 1921, at a price of $7,114.80, and plaintiff also admitted that defendant was entitled to a credit of $16 for storage on the sugar; whereas the verdict and judgment were for a gross sum of $7,460, plus interest, totaling $7,814.35."

This proposition, in so far as it asserts an excessive valuation, is based upon the evidence of the broker that, when he discovered that defendant had converted the sugar, he rendered an invoice as stated in the quoted proposition. But it is not denied by plaintiff in error, and, on the contrary, it was admitted that it refused to accept the invoice and pay the invoiced price. This being the case, it certainly cannot complain that it has now been held accountable for what the jury found to be the true market value at the date of conversion, viz. $9.32½ f. o. b. El Paso. This finding is not questioned, and indeed it is not contestable, for the evidence shows that this was its value from March 17 to March 28, 1921. The value at the date of conversion was $7,460 according to the findings, and, adding thereto interest at 6 per cent. from March 26, 1921 (as claimed in the petition), to the date of judgment amounts to $7,815.58. The judgment is for slightly less than that.

[6] As to the item of $16, which it is claimed should be allowed as storage charges, the defendant made no plea in set-off. There was, therefore no basis in the pleadings for its allowance. The only defense set up in the answer was that defendant had bought the sugar on February 15, 1921, for $6,213.20, which it offered to pay. There is no evidence to show that it made the purchase alleged.

Affirmed.