## FALLS RUBBER CO. v. LA FON et al.
(No. 488–3884.)

(Commission of Appeals of Texas, Section A. Dec. 12, 1923.)

**1. Corporations ⟐636 — Only limitation on power to exact conditions of corporation doing business is when it is engaged in interstate. commerce.**

The only limitation upon the power of a state to exact conditions on which a foreign corporation may transact business within its borders is where such corporation is engaged in interstate commerce.

**2. Principal and agent ⟐1—Relation between parties determined by legal effect of contract.**

A contract designating defendant as "agent" is not controlling, but the exact relation between parties must be determined by the legal effect of contract provisions.

**3. Factors ⟐1 — Relation of parties under consignment contract that of "factor" and principal.**

It is generally held that the relation of the parties under an ordinary consignment contract is that of factor and principal, and, although a "factor" is in the last analysis an agent, the agency is a limited one.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Factor.]

**4. Corporations ⟐642(4½)—Corporation consigning goods to be sold by another for its account held not "doing business" in state.**

A contract under which a foreign corporation consigns goods to another in this state to be sold for its account by the latter, whose compensation is the price he receives for the goods over and above the price named in the invoices, property remaining in corporation, giving no authority to consignee to incur liabilities or make contracts for the company, shows that corporation was simply consigning from a point outside the state·merchandise to be handled within the state, and did not constitute "doing business" in this state.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

**5. Limitation of actions ⟐127(4) — Amendment of petition not new cause of action as respects limitations.**

·Where, in action for balance due on merchandise, the original petition based on a contract referred to the goods as having been "sold," an amended petition based on same contract that goods had been "consigned" was not a new cause of action as respects limitations.

**6. Factors ⟐42 — Market value immaterial where goods handled on price schedule in contract.**

In an action to recover for merchandise shipped to defendant under a written consignment contract whereby the goods were sold on commission on the basis of a price schedule attached to the contract, the market value was immaterial.

**7. Guaranty ⟐36(5)—Guarantor under consignment contract liable for goods purported sold direct to factor.**

In an action to recover for goods consigned to factor, to be sold on commission pursuant to written contract, defendant guarantor was liable for all goods furnished factor, although some of the invoices used the term "sold to" factor, when guarantor's testimony showed that he understood all shipments to be made under the contract; and, the parties having so construed the transaction, that construction will be adopted, it being clearly susceptible of such construction.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by the Falls Rubber Company against W. E. La Fon and another. A judgment for plaintiff was reversed by the Court of Civil Appeals (242 S. W. 346), and plaintiff brings writ of error. Judgment of Court of Civil Appeals reversed, and that of district court affirmed.

Witt, Terrell & Witt, of Waco, for plaintiff in error.

Geo. W. Barcus, of Waco, for defendants in error.

BLANKS, J. This suit was originally instituted in the district court of McLennan county, Tex., for the Nineteenth judicial district, by Falls Rubber Company, an Ohio corporation, against W. E. La Fon, M. W. Cabiness, and T. F. Farmer. The action against La Fon was based on a balance due for merchandise furnished La Fon under his contract with the Falls Rubber Company, wherein the said Falls Rubber Company was to furnish La Fon merchandise for the conduct by him of a retail business at Waco, in McLennan county, Tex., and as against Farmer and Cabiness on a contract of guaranty. The defenses were a general denial, some special exceptions, and plea of limitation, and that the plaintiff was a corporation transacting business in Texas without a permit, and not entitled to maintain a suit in the Texas courts, and that the contract on which the cause of action was based was in violation of the anti-trust law and against public policy, and a further special answer that all the goods which had been consigned to La Fon had either been paid for or returned. There was an additional special answer by Cabiness to the effect that part of the goods for which payment was sought were sold outright by the Rubber Company to La Fon, and not shipped under the consignment contract, and that the guaranty agreement in any event limited his liability only as to the consigned articles.

Defendant's exceptions were all overruled; the suit against Farmer was dismissed on account of his death, and the insolvency of his estate; and upon a trial before a jury verdict and judgment resulted for the plaintiff against La Fon and Cabiness in the amount of $1,817.80. On appeal to the Court of Civil Appeals for the Third Supreme Judicial District by defendants La Fon and Cabiness, the judgment of the district court was reversed and rendered (242 S. W. 346) upon the ground that the rubber company, plaintiff in error, "was a foreign corporation, and in the transactions herein sued upon was doing business in Texas without a permit." A writ of error was granted by the Supreme Court on the ground of apparent conflict of decision.

It is admitted that the Rubber Company was at all times an Ohio corporation, engaged in the manufacture of automobile tires and accessories in that state, and was without a permit to transact business in this state, as required by article 1314 of the Revised Statutes.

Substantially, by the terms of the written contract, the Rubber Company designates La Fon as its "agent" for the sale of automobile tires and accessories in some 20 counties, including McLennan county, the agency being particularly restricted to the matters set forth in the written agreement. The Rubber Company agrees to ship from its factory in Ohio to the warehouse of La Fon in Waco a stock of tires, tubes, and accessories, not exceeding $3,000 in value, to remain the rubber company's property until sold by La Fon in the regular course of his business.

It was agreed that La Fon would pay all expense connected with the sale of the merchandise, including office expense, clerical work, drayage, storage, "and all other expense of whatsoever kind or nature," and his compensation for his services in so handling and selling the merchandise would be the difference between the prices listed by the Rubber Company in certain schedules attached to the written contract, and what La Fon received above that from his customers. La Fon agreed to punctually account to the Rubber Company as sales were made, and upon the expiration of the term for which the contract was entered into to surrender to the Rubber Company any unsold articles. Throughout the entire contract is an express reservation of title in the Rubber Company to all merchandise to be shipped La Fon, and a clear restriction of his agency to the mere handling and sale of the merchandise for the compensation above stated, La Fon himself agreeing to provide all the necessary facilities for the conduct of his business, and to bear all the expense of it.

The guaranty of La Fon as principal and Farmer and Cabiness as sureties, dated January 23, 1912, some 12 days subsequent to the date of the contract, was to the effect that the parties signing same guaranteed the return of any unsold goods by La Fon and the remittance by him to the Rubber Company, less commissions, of the proceeds of sale of any articles sold by La Fon, "from said consigned stock of merchandise," in accordance with the terms of the consignment agreement.

The primary question thus squarely presented is whether or not the claim asserted by the Rubber Company was one arising out of interstate commerce, such as would exempt the Rubber Company from the necessity of procuring a permit to transact business in this state, and at the same time relieve it from the operation of our statutes against restraint of trade; for, if the transac-

tion between the Rubber Company and La Fon is an interstate one, it is equally as clear that the anti-trust laws, under the authorities hereinafter cited, do not apply, as that no permit is required.

[1] There is not so much controversy here with reference to the law of the case as to the application of the facts of the case to the law. It is well settled that the only limitation upon the power of a state to exact conditions upon which foreign corporations may transact business within its borders is where such corporation is engaged in interstate commerce, and this limitation arises only because the federal Constitution has committed to Congress the power to regulate commerce between the states. Pembina Consol. Silver Min. & Mill Co. v. Pennsylvania, 125 U. S. 181, 8 Sup. Ct. 737, 31 L. Ed. 650; Smythe Co. v. Fort Worth Glass & Sand Co., 105 Tex. 8, 142 S. W. 1157.

[2, 3] The decision of the Court of Civil Appeals holding the transaction not one of interstate commerce proceeded upon the theory that, by virtue of the express terms of the contract, La Fon was simply an agent of the Rubber Company, and the maxim that "the acts of the agent are the acts of the principal" was applied. Notwithstanding the contract refers to and designates La Fon as "agent," this would not be controlling. The exact relation between them must be determined by the legal effect of the provisions of the contract itself, and it is generally held that the relation of the parties under the ordinary consignment agreement is more exactly that of factor and principal; and, while it is true a factor is in the last analysis an agent, the agency is a limited one. That the contract under consideration was intended to create that limited relation between the parties is plainly evidenced by the retention of title in the property in the Rubber Company, and the careful exclusion of any authority in La Fon to incur liabilities or make contracts for the company.

Consignment contracts similar in essential particulars have several times been under consideration by the Supreme Court. In the case of Milburn Mfg. Co. v. Peak, 89 Tex. 209, 34 S. W. 102, Justice Denman, after quoting from the contract there under discussion:

"That the ownership of all vehicles furnished under this contract, or their proceeds, shall remain in first party, until settlements shall have been made for them by second party, as herein provided; and that the money and effects received in the course of the business of this agency shall in no case or under any circumstances be appropriated to the use of the second party until such settlement is made, and the compensation or commission of second party has been ascertained and set apart by first party,"

—said:

"A factor is one to whom goods are sent for sale on commission. The relationship between him and the consignor is that of principal and agent, the general property in the goods remaining in the consignor."

In Allen v. Tyson-Jones Buggy Co., 91 Tex. 22, 40 S. W. 393, 714, an opinion by Justice Brown of the Supreme Court, who, after stating:

"The uncontroverted facts show that the phaeton and buggy were the property of appellee, and while in the possession of its agents, Southworth & Keesee, for sale on commissions, they were seized," etc.,

—further said:

"The business which it [plaintiff] transacted, as shown by the allegations, was to enter into a contract with the commission merchants to sell its buggies and phaetons on commission. The clear inference is that these buggies and phaetons were introduced into this state from the state of North Carolina, and so far the transaction belongs to interstate commerce, and cannot be regulated in the manner prescribed by the statute quoted. * * * The selling of the buggies and phaetons, which was to be done by the commission merchants, was not a business done or carried on by the corporation [plaintiff]. It was the business of the commission merchants themselves."

Similarly, in the case of Lasater et al. v. Purcell Mill & Elevator Co., 22 Tex. Civ. App. 33, 54 S. W. 425, a decision of the Dallas Court of Civil Appeals, in which a writ of error was denied by the Supreme Court, it was said:

"The plaintiff was not doing business in this state. Its goods and products were shipped to the commission merchants, Adams & Chandler, and by such commission merchants sold. The plaintiff was not 'transacting' or 'soliciting' business in this state. The business, as conducted by the commission merchants, was the business of such merchants."

And so it must be said in the instant case that the selling by La Fon of the tires and accessories furnished him by the Rubber Company was his personal affair. He chose his own customers, and exercised his own judgment with relation to his sales. The rubber company's business was simply that of consigning from a point outside of the state to La Fon within the state merchandise to be handled on commission. A like contract to the one here under discussion appears in the case of Stein Double Cushion Tire Co. v. Wm. T. Fulton et al., 159 S. W. 1016, an opinion by Justice Talbot of the Dallas Court of Civil Appeals. After sustaining appellant's contentions that the contract between the parties thereto operated as a consignment of the goods to be sold, constituted an interstate transaction, and no permit from the state of Texas was required

to be procured, and that the limitations upon the factor's, right to sell other tires during the life of the contract did not operate to vitiate the contract as in violation of the anti-trust laws of the state, because it was an interstate transaction, the court said:

"Our conclusion is that these1 contentions are well taken. The contract under consideration should, in our opinion, be construed as one of consignment, and not one of sale. Such it purports to be by its very terms. It recites that the appellant, a corporation of the state of Ohio, being desirous of extending its business in the state of Texas, agrees to furnish the William T. Fulton Company, a corporation of Texas, solid and cushion rubber tires on consignment to the amount of $6,000, and obligates the latter company to store and hold such goods in its name and under its control under the conditions named in said contract, and promote the sale of said goods," etc.

And, further:

"These provisions of the contract, it occurs to us, clearly indicate. that it was the purpose and intention of the parties thereto to constitute the Fulton Company of Texas appellant's factor or agent to sell the goods delivered to it on commission; the general property in the goods remaining in the consignor. Milburn Mfg. Co. v. Peak, 89 Tex. 209, 34 S. W. 102; Lasater v. Purcell Mill & Electric Co., 22 Tex. Civ. App. 33, 54 S. W. 425; Allen v. Tyson-Jones Buggy Co., 91 Tex. 22, 40 S. W. 393, 714."

The court further said:

"It also follows, that, since the manufacture and delivery of the goods in question, under the contract between the appellant and the Fulton Company, constitutes an interstate commerce transaction, the same was not in violation of the anti-trust laws of this state. Albertpye Co. v. Fiest Co., supra; Eclipse Paint & Mfg. Co. v. New Process Roofing & Supply Co., supra; McCall v. Stiff Dry Goods Co., supra; Moroney Hardware Co. v. Goodwin Pottery Co., 120 S. W. 1088. In Albertpye Co. v. Fiest Co., supra, it is said: 'The transaction under consideration was commerce between a citizen of New York and a citizen of Texas, whereby the former agreed to manufacture the albums in New York, and to deliver them at Galveston, Tex.; therefore it was interstate commerce, which was not subject to the anti-trust laws of this state'—citing article 1, § 8, cl. 4, Const. U. S.; Cooper Mfg. Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739, 28 L. Ed. 1137; Asher v. Texas, 128 U. S. 129, 9 Sup. Ct. 1, 32 L. Ed. 368."

In a subsequent consideration of the same contract by the same court, in the case of Southwestern Surety Insurance Co. v. Stein Double Cushion Tire Co., 180 S. W. 1167, in which a writ of error was denied by the Supreme Court, the foregoing views were reiterated.

Since the regulation of interstate commerce is vested exclusively in the federal Congress, the determination of the federal courts as to what constitutes such interstate commerce is persuasive, if not conclusive. The case of Butler Bros. Shoe Co. v. U. S. Rubber Co., 156 Fed. 1, 84 C. C. A. 167, in which a writ of certiorari was denied by the United States Supreme Court (212 U. S. 577, 29 Sup. Ct. 686, 53 L. Ed. 658), is a very exhaustive discussion by the Circuit Court of Appeals of a very similar contract to the one here under consideration, and numerous authorities, both state and federal, are reviewed and discussed. After holding that the contract under consideration in that case was a consignment contract, and that the relation between the parties was that of consignor and factor, Justice Sanborn stated the rule to be:

"All sales of sound articles of commerce, which necessitate the transportation of the goods sold from one state to another, are interstate commerce; but all interstate commerce is not sales of goods. Importation into one state from another is the indispensable element, the test, of interstate commerce; and every negotiation, contract, trade, and dealing between citizens of different states, which contemplates and causes such importation, whether it be of goods, persons, or information, is a transaction of interstate commerce."

A number of authorities, including the cases of Allen v. Tyson-Jones Buggy Co., 91 Tex. 22, 40 S. W. 393, 714, and Keating Imp. & Mach. Co. v. Favorite Carriage Co., 12 Tex. Civ. App. 666, 35 S. W. 417, are cited in support of the rule stated.

[4] It is therefore obvious that the relation between the Rubber Company and La Fon was one of interstate commerce, from which it follows both that the Rubber Company was not required as a prerequisite to its right to invoke the aid of our courts to obtain a permit (Corpus Juris, 14A, 1289), and that our anti-trust laws do not apply to the transaction.

[5] The question of limitation raised by defendants in error was properly disposed of by both the trial court and the Court of Civil Appeals. While in the original petition, and several subsequent amended pleadings, filed by plaintiff, the goods were variously referred to as having been "sold" and then as "consigned," yet in every instance the relief sought was founded upon the written contract and guaranty agreement. There was such an identity of the subject-matter of litigation in all the pleadings as to make it clear that the cause of action asserted in all of them was the same, and under the authority of Killebrew v. Stockdale, 51 Tex. 531; Tarkinton v. Broussard, 51 Tex. 554; Ry. Co. v. Cook (Tex. Civ. App.) 25 S. W. 455, and Ry. Co. v. Johnson (Tex. Civ. App.) 34 S. W. 188, the original petition was sufficient to arrest the statute of limitation.

[6] In the trial court the defendants offered testimony to show the market value of the goods shipped; but this was excluded, and error is assigned to this action of the

court. La Fon's agreement was to handle the merchandise on the basis of a schedule of prices attached to the written contract, and the market value was wholly immaterial. Mabry v. Citizens' Lumber Co., 47 Tex. Civ. App. 443, 105 S. W. 1156, writ of error denied by Supreme Court.

[7] The concluding contention presented by defendant in error Cabiness that a part of the merchandise was sold outright by the Rubber Company to La Fon, and not consigned, and that he was not liable under his guaranty for other than the consigned articles, was correctly ruled upon by the trial court adversely to that contention. While some of the invoices at the top used the term "sold to W. E. La Fon," the testimony of the defendant himself showed that he understood all shipments to have been made under and by virtue of the written contract; and, the parties themselves so construing the transaction, and it being clearly susceptible of such construction, under the rule announced in Hamilton v. Willing, 73 Tex. 603, 11 S. W. 843, and other cases, that construction would be adopted by the courts.

It follows that in our opinion the holding of the Court of Civil Appeals was erroneous, and we recommend that the judgment of such court be reversed, and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.