**ELLIOTT ADDRESSING MACH. CO. v. CAMPBELL.**

No. 13308.

Court of Civil Appeals of Texas. Dallas.

Feb. 23, 1942.

F. W. Bartlett and F. W. Bartlett, Jr., both of Dallas, for appellant.

W. B. Pope, of Dallas, for appellee.

LOONEY, Justice.

The facts giving rise to this lawsuit are these: Appellant, a nonresident corporation having its principal place of business at Cambridge, Mass., without a permit to do business in this State, was engaged in manufacturing and selling, throughout the United States, office supplies, addressing machines, stencils, etc., set forth in an exhibit attached to appellee's petition. Appellant operated through local agents, and for many years, and until just recently before the present suit was filed, appellee, a resident of the City of Dallas, represented appellant in the State of Texas, under a parol agreement renewed from year to year, that provided for the shipment by appellant of its merchandise to appellee, to be sold and delivered to purchasers; however, title to said merchandise was retained by the appellant, who agreed to pay all transportation, storage charges, and all taxes assessed against the merchandise, and pay appellee, as compensation for his services, a commission, being the difference between the list price and selling price of the merchandise, as furnished by the appellant. The total consideration collected on sales was to be sent by appellee to the appellant, who, from time to time, would remit to appellee the commissions belonging to him.

Appellee alleged that he had fully complied with the terms of the employment contract, but, without cause or justification, appellant attempted to discharge him and intended to remove all of its merchandise from appellee's possession, and from the State of Texas; that by reason of the contract of employment and the services rendered thereunder, appellant was indebted to appellee in the sum of $18,054.18, "representing his commissions and being the difference between the list price of merchandise so furnished him and handled and sold by him, and the selling price, all of which proceeds have gone to the defendant (appellant) corporation or will reach their possession during the process of the liquidation of the plaintiff's (appellee's) business in Texas for the defendant corporation."; for which amount, appellee sought judgment.. Appellee also alleged that the appellant held title to certain merchandise on storage in the State in warehouses, offices and storehouses, described in an ex-

968

hibit attached to the petition, that had been consigned to appellee by appellant for sale and delivery to customers, which appellant was threatening to remove from appellee's possession and from the State of Texas; and that, unless said merchandise and properties were impounded and held within the jurisdiction of the courts of this State, pending final disposition of the cause, appellee will lose all security to guarantee the payment of his debt; therefore, he prayed for the appointment of a receiver, as authorized by the provisions of Subds. 1 and 4 of Art. 2293, R.C.S., with authority to take charge of and hold all of said merchandise and other kind and character of properties, notes, bills receivable, accounts, money, etc., within the State, belonging to the appellant, as the appointment of a receiver was necessary to prevent the removal of said property from the State.

The court appointed a receiver ex parte and without notice to the appellant, authorizing the receiver to take immediate charge of the property set forth in the exhibit attached to appellee's petition, and to "manage, control, rent, collect rents and do such other things as set forth in the order, as is necessary in the conduct of said business, until further orders of this court." The receiver appointed qualified immediately and took possession of all and singular the properties belonging to appellant in the State of Texas. A few days later, appellant filed a motion to vacate the receivership, alleging a number of grounds; among others that, appellee sued simply as an unsecured creditor seeking a money judgment against appellant, and failed to allege any fact which, under either the statute or usages of courts of equity, authorizing the appointment of a receiver. In answer to appellant's motion to vacate, appellee urged a number of exceptions, among others, exception 6, viz.: Contending that the appointment of the receiver was justified for the purpose of subjecting the property involved to the payment of the claim sued upon; contending that such right was given under Art. 2293, R.C.S., either with or without notice, where, as in the instant case, it was alleged that the property was likely to be removed from the State and beyond the jurisdiction of the court in which the cause was pending. The court sustained the exception just mentioned, and dismissed appellant's motion to vacate; to all of which, appellant excepted, gave notice of, and perfected this appeal.

As heretofore shown, appellee seeks judgment in personam on an unsecured debt; he neither claimed an interest in the property involved, nor did he assert or seek foreclosure of a lien thereon; stated in its simplest form, appellee seeks judgment for debt, and asks that the properties involved, belonging to the appellant, be impounded and held by a receiver to respond to an execution if and when appellee recovers judgment. Under the authorities, we think it well settled that, one who neither claims an interest in property nor seeks the foreclosure of a lien thereon, is entitled to have a receiver appointed in order to better secure the debt for which he sues, even though there may exist manifest danger that the property will be lost or disposed of before judgment is obtained and is ripe for the issuance of an execution. See Rex Refining Co. v. Morris, Tex. Civ.App., 72 S.W.2d 687, 690, and the authorities cited.

However, it is contended by appellee that, as the appellant corporation was without a permit to do business in this State, it should be denied the right to urge a motion to vacate the receivership and repossess its property. The real relation between the parties, as revealed by undisputed facts, was that of principal and factor, that is, under the contract between the parties, appellee was to sell the merchandise on commission, the actual selling to be done exclusively by the appellee. Under a similar arrangement, our Supreme Court, in Allen v. Tyson-Jones Co., 91 Tex. 22, 40 S.W. 393, 714, held that a nonresident corporation, shipping carriages to a firm in the state, to be sold on a commission basis, was engaged in interstate commerce, and was not amenable to the permit statute of the state. To the same effect, see Lasater v. Purcell Mill & Elevator Co., 22 Tex.Civ. App. 33, 54 S.W. 425, writ refused; Falls Rubber Co. v. La Fon, Tex.Com.App., 256 S.W. 577, and authorities there cited.

The transactions of a foreign corporation without a permit are not void, nor does it forfeit its property by reason of having no permit. See Pratt-Hewit Oil Corp. v. Hewit, 122 Tex. 38, 52 S.W.2d 64, col. 1, at page 67. The statute (Art. 1536, R. C.S., Vernon's Ann.Civ.St. art. 1536) forbids a foreign corporation to maintain an action in any court of the state upon a demand arising out of contract or tort, unless, at the time the contract was made or the tort committed, the corporation had a permit to

transact business in the state. The property involved in the present controversy was not acquired in this state, but was shipped into the state by the appellant, to be sold on a commission basis, hence we do not think the statute has any application, as it makes no attempt to close the courts to a foreign corporation without a permit to recover property belonging to it, thus acquired (see Bruce Co. v. Hannon, Tex.Civ.App., 283 S.W. 862, writ refused); nor does the statute deprive an unregistered foreign corporation of the right to defend an action brought against it, and urge all available and appropriate defenses. After quoting the pertinent provisions of the statute under consideration, Judge Dunklin, speaking for the Fort Worth Court, in Jordan v. Grandfield, Tex.Civ.App., 290 S.W. 866, 869, said: "It will be noted that the article just copied does not deprive a foreign corporation of the right to defend an action instituted to recover title to property vested in it. * * *" The holding of this Court in McMullen v. Burton, etc., Corporation, 138 S.W.2d 823, was to the same effect. After reviewing the legislative history of the subject, we concluded by saying, in substance, that the Legislature had manifested no purpose to deprive an unregistered corporation of the right to urge any and all available defenses to litigation waged against it, and as the Legislature had not seen fit to do so, clearly a court would not be authorized to add to the penalties prescribed by the Legislature, the additional penalty of depriving a foreign corporation of the valuable right of defending itself in the courts.

For the reasons stated, we are of opinion that the court erred in appointing the receiver, and erred again in refusing to sustain appellant's motion to vacate; therefore, the orders and judgments of the court below in the premises are set aside, the receivership is vacated, and the receiver is directed to immediately deliver to the appellant, or its authorized agent, all correspondence, books, files, notes, choses in action, and all other property belonging to the appellant, that came into his hands as receiver, and file in the court below a report in full, showing his stewardship in the premises. All costs incident to the appointment of the receiver will be taxed against and collected from appellee, including any fee the court below may allow the receiver or his attorney, if any, for services rendered. This order is immediately effective, and appropriate process may issue from this Court to execute same.